UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON RAPPAPORT,<br><br>                              Plaintiff,<br><br>-against-<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                              Defendant. | Case No. 1:22-cv-08100 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Having considered the parties' submissions, *see* ECF Nos. 94-97, the Court GRANTS Defendant's motion to amend its answer in the manner proposed and GRANTS Defendant's request for supplemental briefing on the impact of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

It is well established that a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 250 (2d Cir. 2024) ("[A] defendant's answer to a complaint is also a pleading."). "This permissive standard is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (quotation marks and citation omitted). To be sure, "it is within the sound discretion of the district court" to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (citation omitted). But the Court is not persuaded that any of these grounds apply here.

Plaintiff notes that "this matter has now been fully briefed since February 9, 2024." ECF No. 97-1. That is true, but "mere delay, absent a showing of bad faith or undue

1

prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (brackets, ellipsis, and citation omitted). The Court does not find that Defendant has acted in bad faith here. Notably, Defendant "has provided an explanation for the delay [in seeking leave to amend], namely, the [Supreme] Court's intervening decision" in *Loper Bright* on June 28, 2024. *Hughes v. Nat'l Football League*, No. 22-cv-10743 (JLR), 2023 WL 8039262, at *2 (S.D.N.Y. Nov. 20, 2023) (original brackets, quotation marks, and citation omitted). As for prejudice, Plaintiff argues that "[f]urther delay of this matter would be highly prejudicial to [P]laintiff, who has relied on his long term disability benefits to support his family." ECF No. 97 at 1. Although the Court is sensitive to Plaintiff's financial circumstances, this is not a basis alone to deny Defendant leave to amend, especially given that the delay will be relatively short and there are efficiencies in deciding this matter with full information. Plaintiff also suggests that Defendant's arguments in reliance on *Loper Bright* are wrong and, accordingly, that amendment would be futile. *See id.* at 1-2. To be clear, in granting leave to amend, the Court expresses no view on the merits of Defendant's substantive arguments. But given the "complicated issues at play," the Court finds that "the most efficient and just path forward" is for Defendant to file the amended answer, and then for the parties to file supplementary briefs addressing the implications of *Loper Bright* in this case. *Hughes*, 2023 WL 8039262, at *3.

To permit consideration of the issues raised by *Loper Bright*, the Court holds the parties' cross-motions for partial summary judgment in abeyance for a short time. Defendant must file its amended answer by **August 13, 2024**. Defendant must file its supplemental brief of no more than ten pages addressing *Loper Bright*-related issues by **September 6, 2024**. Plaintiff must file a responsive brief by **September 30, 2024**, of no more than ten pages.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 94 and 96.  The Clerk of Court is also directed to administratively stay this case (including the motions at ECF Nos. 74, 75, and 78), pending further order of the Court, to allow for this brief period of additional briefing.

Dated: August 8, 2024
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge