

275 MADISON AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10016
**T** 212.297.0700 **F** 212.297.0730
info@riemerhess.com | www.riemerhess.com

February 21, 2025

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

      **RE:**    *Jason Rappaport v. Guardian Life Ins. Co. of Am.*, 1:22-cv-8100-JLR
              **Letter Motion to Seal Documents**

Judge Rochon:

        I am the attorney for the Plaintiff, Jason Rappaport, in the above captioned case.  Pursuant to Your Honor's Order dated January 10, 2025 (ECF 115), Plaintiff timely submits his Proposed Findings of Fact and Conclusions of Law and an accompanying Memorandum of Law in Support of the same, submitted herewith.

        In Plaintiff's Proposed Findings of Fact and Conclusions of Law and the accompanying Memorandum of Law, Plaintiff references documents produced by the Defendant in this matter that the Defendant has marked as confidential.  These documents are attached as exhibits to the accompanying Affirmation of Ryan McIntyre in Support of this Motion.  Plaintiff hereby moves to submit these documents to the Court under seal.

        Pursuant to Your Honor's Individual Rule 4(B)(iii)(a), I spoke with counsel for the Defendant to meet and confer regarding this matter and to narrow the scope of this request to file under seal as much as possible.  Following this meeting, Defendant informed Plaintiff that if these documents were to be filed, they must be filed under seal, resulting in this motion.

        Plaintiff does not object to these documents being filed under seal.  However, Plaintiff does not agree that Defendant has made a showing sufficient to overcome the presumption in favor of public access to judicial documents.  *See*, *e.g.*, *Lugosch v. Pyramid Co of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

        Further, to the extent Defendant submits that these documents are not relevant to this case or that there is not good cause for the Court to consider these documents because they are outside of the administrative record, Plaintiff disagrees.

        Under the applicable *de novo* standard of review, the "court may assume an active role . . . to ensure a comprehensive and impartial review."  *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294 (2d Cir. 2004).  In conducting its review, it is within the Court's discretion to consider evidence from outside the record.  *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *see also DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 67 (2d Cir. 1997); *McDonnell v. First Unum Life Ins. Co.*, 2013 WL 3975941, at *12 (S.D.N.Y. Aug. 5, 2013).  "In particular, the court may admit additional evidence when there is 'good cause' to do so."  *Ricciardi v. Metro. Life Ins. Co.*, 2019 WL 652883, at *12

(S.D.N.Y. Feb. 15, 2019) (citing *Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cir. 2016)).  Good cause exists where the evidence is probative and helpful, and not previously available.  *Paese v. Hartford Life and Acc. Ins. Co.*, 449 F.3d 435, 442, 451, n.1; *see also Lijoi v. Cont'l Cas. Co.*, 414 F. Supp. 2d 228, 241 (E.D.N.Y. 2006).

For the reasons detailed in Plaintiff's Proposed Findings of Fact and Conclusions of Law and the accompanying Memorandum of Law, these documents speak directly to a fundamental question in this case.  Specifically, whether K-1 earnings are included in Insured Earnings.  As such, these documents are both probative and helpful to the Court.  Further, these documents were not previously available because they were not provided to Plaintiff until long after Guardian issued its final decision on appeal and remand.  Therefore, good cause exists for the Court to consider these documents in its decision.

Pursuant to Your Honor's Individual Rule 4(B)(iii)(a), counsel for the Defendant has been notified that it must file a letter to explain the need to seal these documents within three (3) days of this filing.

Thank you for your time and attention to this matter.

Respectfully Submitted,

/s/ Ryan J. McIntyre
Riemer Hess LLC
*Attorneys for the Plaintiffs*
275 Madison Ave., 26th Floor
New York, NY 10016
212-297-0700
rmcintyre@riemerhess.com

The motion to seal is granted temporarily.  The Court will reassess whether to keep the materials at issue sealed when deciding the issues presented in the underlying bench trial.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 126.

Date:    February 25, 2025
         New York, New York

SO ORDERED

JENNIFER L. ROCHON
United States District Judge

2